10.322

STEPHAN C. VOLKER (CSB #63093)
JOSHUA A.H. HARRIS (CSB #226898)
LAW OFFICES OF STEPHAN C. VOLKER
436 14th Street, Suite 1300
Oakland, California 94612
Telephone: 510/496-0600
Facsimile:  510/496-1366

Attorneys for Plaintiffs
STOP THE CASINO 101 COALITION,
CHIP WORTHINGTON, LINDA WORTHINGTON,
MARILEE MONTGOMERY, ORLEAN KOEHLE,
MICHAEL ERICKSON, and MICHAEL T. HEALY

ORIGINAL FILED
JUN - 6 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR JCS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STOP THE CASINO 101 COALITION, CHIP WORTHINGTON, LINDA WORTHINGTON, MARILEE MONTGOMERY, ORLEAN KOEHLE, MICHAEL ERICKSON, and MICHAEL T. HEALY, <br><br> Plaintiffs, <br><br> v. <br><br> DIRK KEMPTHORNE, Secretary of the United States Department of the Interior; CARL J. ARTMAN, Assistant Secretary of the United States Department of the Interior for Indian Affairs; UNITED STATES DEPARTMENT OF THE INTERIOR; JERRY GIDNER, Director, Bureau of Indian Affairs, Department of the Interior, DALE MORRIS, Pacific Regional Director, Bureau of Indian Affairs, Department of the Interior; and UNITED STATES BUREAU OF INDIAN AFFAIRS, <br><br> Defendants. | Civ. No. C08-02846 <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Complaint for Declaratory and Injunctive Relief

## I. INTRODUCTION

1. This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. sections 701-706 and related laws seeking declaratory and injunctive relief on review of final agency action by officials of the United States Department of the Interior (collectively, the "Secretary") on April 18, 2008, approving an application by the Federated Indians of Graton Rancheria ("FIGR") to acquire in trust a 254-acre parcel of land located adjacent to the City of Rohnert Park in Sonoma County, California ("the Property") for the express purpose of constructing and operating a gambling facility. The Secretary purported to approve FIGR's application pursuant to the Graton Rancheria Restoration Act of 2000, Public Law 106-568 at Title XIV, 25 U.S.C. § 1300 n-3(a), which directs that "[u]pon application by the Tribe, the Secretary shall accept into trust for the benefit of the Tribe any real property located in Marin or Sonoma County . . . after the property is conveyed . . . to the Secretary and if . . . there are no adverse legal claims to such property . . . ." Plaintiffs seek this Court's declaration that the Secretary's approval of FIGR's application that the Secretary accept the Property into trust does not by itself cause the cession of the State of California's jurisdiction over the Property, nor grant FIGR sovereignty over the Property as "Indian country," as necessary to allow gambling activity thereon under the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. § 2701 *et seq*.

2. Although the Secretary's approval of FIGR's application does not purport to divest the State of California of jurisdiction over the Property, nor grant FIGR sovereignty over the Property as "Indian country," plaintiffs are informed and believe that the Secretary and FIGR intend to treat the approval as if it had that effect. In the event this Court should rule that the Secretary's approval of FIGR's application does divest the State of California of jurisdiction over the Property or confer sovereignty on FIGR over the Property as Indian country, then plaintiffs seek this Court's further declaratory judgment that the Secretary's approval is unconstitutional as violative of (1) the Equal Footing Doctrine set forth in Article IV, section 3 of the United States Constitution, (2) the

reservation to the states of all powers save those expressly allocated to the federal government set forth in the Tenth Amendment of the United States Constitution, and (3) the Enclaves Clause set forth in Article I, section 8, clause 17 of the United States Constitution (pursuant to which the federal government may not receive jurisdiction over state lands unless the state has first ceded the same), and injunctive relief restraining the Secretary from taking further action in violation of these constitutional restrictions on his authority.

## II.  JURISDICTION AND VENUE

3.  This action arises under the Constitution and laws of the United States of America, including Articles I and IV and Amendment 10 of the United States Constitution, the APA, and the jurisdictional statutes enumerated in the following paragraph of this Complaint.

4.  This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal question), 1346 (United States as defendant), 2201 (declaratory judgment) and 2202 (further relief), and 5 U.S.C. § 701 *et seq.* (review of final agency action) because (1) the action arises under the Constitution and laws of the United States, (2) defendants are sued in their official capacities as officers of the United States, (3) the action seeks a declaratory judgment that either (a) defendants' approval of FIGR's application does not confer sovereignty nor declare the Property to be Indian country, or alternatively, (b) to the extent defendants' approval has such effect, it violates the foregoing provisions of the United States Constitution, and (4) plaintiffs also seek further equitable relief restraining defendants from violating such laws.  The Secretary's administrative decision challenged herein is a final agency action subject to judicial review under the APA, 5 U.S.C. § 704.

5.  Venue is proper under 28 U.S.C. § 1391(b) and (e) in that a substantial part of the events giving rise to plaintiffs' claim occurred, and the Property that is the subject of the action is situated, in this judicial district, and at least one defendant, and all plaintiffs, reside within this judicial district.

## III. NATURE OF ACTION

6. This action seeks judicial review under the APA, 5 U.S.C. § 701 *et seq.*, of a final agency decision by the Secretary and his delegates to accept into trust for the benefit of FIGR the subject Property for the express purpose of allowing the construction and operation thereon of a Nevada-style casino offering forms of gambling otherwise prohibited in California. Plaintiffs seek this Court's declaration that the Secretary's approval of FIGR's application to accept the Property into trust neither divests the State of California of jurisdiction over the Property nor confers sovereignty on FIGR over the Property as "Indian country" as necessary for FIGR to conduct gambling operations thereon.

7. In the event this Court rules that the Secretary's approval of FIGR's application does divest the State of California of jurisdiction over the Property or confers sovereignty on FIGR over the Property as Indian country, then plaintiffs seek this Court's further declaratory judgment that the Secretary's approval is unconstitutional as violative of (1) the Equal Footing Doctrine set forth in Article IV, section 3 of the United States Constitution, (2) the reservation to the states of all powers save those expressly allocated to the federal government set forth in the Tenth Amendment of the United States Constitution, and (3) the Enclaves Clause set forth in Article I, section 8, clause 17 of the United States Constitution (pursuant to which the federal government may not receive jurisdiction over state lands unless the state has first ceded the same), and injunctive relief restraining the Secretary from taking further action in violation of these constitutional restrictions on his authority.

## IV. PARTIES

8. Plaintiff Stop the Casino 101 Coalition ("the Coalition") is an unincorporated association of citizens from throughout Sonoma County formed in 2004 for the purpose of educating the public and agency officials, and engaging in public advocacy, regarding the potential adverse environmental, social and economic impacts of the Nevada-style casino proposed by FIGR for the Property adjacent to the City of Rohnert

Park. The Coalition's office address is P.O. Box 170, 979 Golf Course Drive, Rohnert Park, California 94928. The Coalition has over 2,000 supporters from all walks of life who are concerned about the potential traffic congestion, air pollution, groundwater over-drafting, social and economic dislocation, crime and increased demands on municipal services including police, fire, sewer and water services, that FIGR's threatened construction and operation of its proposed Casino threatens to unleash.

9. The individual plaintiffs, Chip Worthington, Linda Worthington, Marilee Montgomery, Orlean Koehle, Michael Erickson, and Michael T. Healy ("Individual Plaintiffs") reside in Sonoma County in areas near the Property or U.S. Highway 101 whose environmental, social and economic interests would be harmed if FIGR's proposed Casino is built and causes such impacts. For example, FIGR's proposed Casino is expected to generate up to 68,000 additional vehicle trips per day on U.S. Highway 101, greatly exacerbating the existing congested conditions on Sonoma County's principal north-south thoroughfare, harming the quality of life of the Individual Plaintiffs.

10. Defendant Dirk Kempthorne is the United States Secretary of the Interior (the "Secretary") ultimately responsible for the Department of the Interior's approval on April 18, 2008 of FIGR's application that defendant United States Bureau of Indian Affairs accept the Property into trust for FIGR's use for a Nevada-style casino and associated commercial activities. Defendant Kempthorne is sued in his official capacity.

11. Defendant Carl J. Artman is the former Assistant Secretary of the United States Department of the Interior with responsibility for the Bureau of Indian Affairs who approved on April 18, 2008 FIGR's application that the United States Bureau of Indian Affairs ("BIA") accept into trust the Property for FIGR's use for Nevada-style gambling and associated commercial activities. Defendant Artman is sued in his official capacity, and thus his successor in interest, upon his selection is, by operation of law, deemed a defendant herein as well.

12. Defendant United States Department of the Interior is, the federal agency with responsibility for overseeing the BIA and ultimately responsible for its approval of

1  FIGR's application that the Property be accepted into trust for FIGR's use for gambling
2  purposes.
3      13.   Defendant Jerry Gidner is the Director of BIA and responsible for defendant
4  Artman's approval of BIA's acceptance of the Property into trust for the benefit of FIGR's
5  proposed gambling uses. Defendant Gidner is sued in his official capacity.
6      14.   Defendant Dale Morris is the Pacific Regional Director of BIA, and is
7  responsible for defendant Artman's approval of BIA's acceptance of the Property into trust
8  for the benefit of FIGR's proposed gambling uses. Defendant Morris is sued in his official
9  capacity.
10     15.   Defendant United States Bureau of Indian Affairs ("BIA") is an agency of
11 the United States government responsible for overseeing the United States government's
12 programs and management responsibilities with regard to Indian tribes and individuals and
13 Indian lands within the United States, and is ultimately responsible for defendant Artman's
14 approval of FIGR's application to have the Property accepted into trust for FIGR's
15 gambling use.

## V. FACTUAL BACKGROUND

16. In December 2000, Congress passed the Omnibus Indian Advancement Act (Public Law 106-568), Title XIV of which included the Graton Rancheria Restoration Act, 25 U.S.C. § 1300n *et seq*. Section 1405 of the Act, codified at 25 U.S.C. § 1300n-3, directs in subsection (a):

> Upon application by the Tribe, the Secretary shall accept into trust for the benefit of the Tribe any real property located in Marin or Sonoma County, California, for the benefit of the Tribe after the property is conveyed or otherwise transferred to the Secretary and if, at the time of such conveyance or transfer, there are no adverse legal claims to such property, including outstanding liens, mortgages, or taxes.

*Id.*

17. On March 24, 2006, FIGR submitted to BIA an application to acquire in trust a 254-acre parcel of land located adjacent to the City of Rohnert Park in Sonoma County, California ("the Property"), for the express purpose of developing a gambling

facility on the parcel that would otherwise be forbidden under California law. Since 1850, when California was admitted to the Union, continuously to the date of this Complaint, the subject Property has been located within the boundaries of the State of California and fully subject to this State's laws. The Property has never been held by FIGR or any other Indians as a reservation based on aboriginal title. Rather, for 158 years, the Property has been governed by the State of California and, in accordance therewith, the citizens of the State of California have settled in and developed the area, all with the expectation that it was then and would in the future be governed by and subject to the Constitution and civil and criminal laws of the State of California and the protections those laws afford to plaintiffs.

18. By memorandum dated October 29, 2007, defendant Dale Morris, Pacific Regional Director of BIA, transmitted to defendant Carl J. Artman, former Assistant Secretary of the Department of the Interior for Indian Affairs, defendant Morris' recommendation that the Property be accepted into trust.

19. By letter dated April 18, 2008, defendant Artman advised FIGR that BIA had made a "determination that the parcel will be taken into trust." A true copy of defendant Artman's April 18, 2008 letter is annexed as Exhibit 1 hereto.

20. On May 7, 2008, the Secretary published in the Federal Register notice of the Assistant Secretary for Indian Affairs' "final agency determination to acquire approximately 254 acres of land into trust" for FIGR on April 18, 2008. 73 Fed.Reg. 25766 (May 7, 2008). A true copy of the Secretary's Federal Register notice is annexed as Exhibit 2 hereto.

21. The Secretary's Federal Register notice states that it "is published to comply with the requirement of 25 C.F.R. Part 151.12(b) that notice be given to the public of the Secretary's decision to acquire land in trust at least 30 days prior to a signatory acceptance of the land into trust. The purpose of the 30-day waiting period in 25 C.F.R. 151.12(b) is to afford interested parties the opportunity to seek judicial review of final administrative decisions to take land in trust for Indian tribes and individual Indians before transfer of

1  title to the property occurs." Exhibit 2 hereto, page 1, column 3.

2   22. In accordance with the Secretary's notice, plaintiffs bring this action within its 30-day notice period to exercise their "opportunity to seek judicial review" of the Secretary's decision to take the property into trust for FIGR's use for Nevada-style gambling.

## VI. CONSTITUTIONAL AND STATUTORY BACKGROUND

 23. The United States Constitution forbids the federal government from unilaterally seizing jurisdiction over land within a state's borders by purporting to take title to that land. Article IV, section 3 forbids the creation of new states within the jurisdiction of any existing state without the consent of the state and guarantees each state a republican form of government. These principles form the essence of the Equal Footing Doctrine. As the Supreme Court declared in *Pollard's Lessee v. Hagan*, 3 How. (44 U.S.) 212, 228, 229 (1845), each state is "entitled to the sovereignty and jurisdiction over all the territory within her limits . . . [and to] maintain any other doctrine, is to deny that [the state] has been admitted into the union on an equal footing with the original states." Excepting sovereign lands located within "Indian country," the Equal Footing Doctrine forbids the federal government from taking any parcel of land into trust for Indians and thereby ousting the state of jurisdiction.

 24. Under the United States Constitution, the United States government may obtain jurisdiction over lands within a state in only three ways: "(1) by purchase or donation of property with the consent of the state as provided in the United States Constitution (U.S. Const., art. I, § 8, cl. 17; *Humble Pipe Line Co. v. Waggonner* (1964) 376 U.S. 369, 371 . . .); (2) by a reservation of jurisdiction by the United States upon the admission of the state into the union (*Fort Leavonworth* [*R.R. Co. v. Lowe* (1885) 114 U.S. 525,] 526-527); and (3) the state's cession, together with the United States['] acceptance, of such jurisdiction (*id.* at p. 539; *Silas Mason* [*Co. v. Tax Comm. of Washington* (1937) 302 U.S. 186,] 207-208)." *Coso Energy Developers v. County of Inyo* (2004) 122 Cal.App.4th 1512, 1520.

25. The Tenth Amendment of the United States Constitution reserves to the states all powers except those expressly delegated to the Federal government. The Federal government has no power to act unilaterally to divest a state of jurisdiction.

26. The Enclaves Clause of Article 1, section 8, clause 17 of the United States Constitution likewise confirms that the Federal government has exclusive power within a state only where the state has ceded such and the Federal government has accepted the cession.

27. Consistent with the foregoing constitutional principles, the Secretary may obtain jurisdiction over the Property only by (1) purchase or donation of the Property with the consent of the State of California, (2) a reservation of jurisdiction by the United States upon the admission of the State of California into the Union, and (3) the State of California's cession together with the United States' acceptance, of such jurisdiction. None of these criteria have been met here.

## VII.    FIRST CLAIM FOR RELIEF
### (DECLARATORY RELIEF UNDER 5 U.S.C. §§ 701-706, 28 U.S.C. § 2201)
### (ALLEGED BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

28. Plaintiffs incorporate and reallege that allegations of paragraph 1-27 of this Complaint.

29. An actual controversy exists between plaintiffs and defendants with regard to whether the Secretary's approval on April 18, 2008 of FIGR's application that the Secretary accept title to the Property into trust for FIGR's gambling use, divests the State of California of jurisdiction over the Property and confers sovereignty on FIGR over the Property as Indian country. Plaintiffs contend that the Secretary's approval neither divests the State of California of jurisdiction over the Property nor confers sovereignty on FIGR over the Property as Indian country; plaintiffs are informed and believe and thereon allege that defendants contend to the contrary that the Secretary's approval of FIGR's application does divest the State of California of jurisdiction over the Property and confer sovereignty on FIGR over the Property as Indian country.

30. Accordingly, this Court is invested with authority, pursuant to 28 U.S.C. § 2201(a), to declare the rights and other legal relations of plaintiffs and defendants with respect to the legal effect of the Secretary's approval of FIGR's application that the Secretary accept the Property into trust for FIGR's gambling use.

### VIII.  SECOND CLAIM FOR RELIEF
### (DECLARATORY RELIEF UNDER 5 U.S.C. §§ 701-706 AND 28 U.S.C. § 2201)
### (ALLEGED BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

31. Plaintiffs incorporate and reallege that allegations of paragraph 1-30 of this Complaint.

32. In the event this Court rules, contrary to plaintiffs' position, that the Secretary's approval of FIGR's application to have the Property taken into trust for its gambling use does divest the State of California of jurisdiction over the Property or confers sovereignty on FIGR over the Property as Indian country, then plaintiffs seek this Court's further declaration that the Secretary's approval of FIGR's application to have the Property accepted into trust for its gambling use is arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law, contrary to constitutional right, power, privilege, or immunity, in excess of the Secretary's statutory jurisdiction, authority, or limitations, without observance of procedure required by law, and unsupported by substantial evidence, all in violation of the APA, 5 U.S.C. § 706(2). Accordingly, this Court is invested with authority pursuant to 5 U.S.C. § 706 to "set aside" the Secretary's approval of FIGR's application to have the Property accepted into trust for its gambling use.

### IX.  THIRD CLAIM FOR RELIEF
### (FOR INJUNCTIVE RELIEF UNDER 28 U.S.C. §§ 2202)
### (ALLEGED BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

33. Plaintiffs incorporate and reallege the allegations of paragraphs 1-32 of this Complaint.

34. The Secretary is threatening by his approval of FIGR's application to divest

1  the State of California of jurisdiction over the Property and to confer sovereignty on FIGR
2  over the Property as Indian country, thereby removing all protections afforded to plaintiffs
3  under the Constitution and civil and criminal laws of the State of California. Such
4  threatens plaintiffs with irreparable environmental, social and economic harm due to the
5  significant adverse impacts of the gambling use and associated commercial uses that FIGR
6  intends to conduct on the Property pursuant to the Secretary's approval.

7  35.  Plaintiffs are therefore entitled to this Court's injunctive relief under 28
8  U.S.C. § 2202 to enjoin defendants from taking any action in furtherance of the
9  Secretary's approval that would cause irreparable environmental, social or economic harm
10 to plaintiffs.

## X.  RELIEF REQUESTED

WHEREFORE, plaintiffs request that this Court:

1.  Enter declaratory judgment that the defendants' approval of FIGR's application to have the Property taken into trust for FIGR's gambling use does not divest the State of California of jurisdiction over the Property nor grant FIGR sovereignty over the Property as "Indian country;"

2.  That in the event this Court enters a declaratory judgment finding that the defendants' approval of FIGR's application to have the Property taken into trust for its gambling use divests the State of California of jurisdiction over the Property or grants FIGR sovereignty over the Property as "Indian country," to enter a declaratory judgment that the defendants' approval of FIGR's application is unconstitutional as violative of (1) the Equal Footing Doctrine set forth in Article 4, section 3, of the United States Constitution, (2) the reservation to the states of all powers save those expressly allocated to the federal government set forth in the Tenth Amendment of the United States Constitution, (3) the Enclaves Clause set forth in Article 1, section 8, clause 17 of the United States Constitution (pursuant to which the federal government may not receive jurisdiction over state lands unless the state has first ceded the same), and the APA, 5 U.S.C. § 706(2) as alleged hereinabove;

3.  Enter an order enjoining defendants from taking any further action pursuant to the Secretary's approval of FIGR's application to have the Property accepted into trust for its gambling use that could adversely impact plaintiffs' environmental, social and economic interests unless and until defendants have fully complied with the foregoing constitutional and statutory requirements;

4.  Enter an order awarding plaintiffs their costs of litigation, including attorney's fees, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 or as otherwise provided by law; and

5.  Grant plaintiffs such other relief as may be necessary and appropriate.

Dated:  June 6, 2008

Respectfully submitted,

_____
STEPHAN C. VOLKER
Attorneys for Plaintiffs STOP THE CASINO 101 COALITION, CHIP WORTHINGTON, LINDA WORTHINGTON, MARILEE MONTGOMERY, ORLEAN KOEHLE, MICHAEL ERICKSON, and MICHAEL T. HEALY

Case 3:08-cv-02846-JCS    Document 1    Filed 06/06/2008    Page 13 of 13