**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STOP THE CASINO 101 COALITION, *et al.*, | No. C 08-02846 SI |
| Plaintiffs, | **ORDER GRANTING MOTION TO INTERVENE** |
| v. | |
| DIRK KEMPTHORNE, Secretary of the United States Department of the Interior, *et al.* | |
| Defendants. / | |

The Federated Indians of Graton Rancheria have filed a motion to permissively intervene in this case. The motion is scheduled for hearing on December 12, 2008. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS the motion to intervene.

Plaintiffs seek injunctive and declaratory relief on review of a decision by the United States Department of the Interior approving an application by the Federated Indians of Graton Rancheria to acquire in trust a parcel of land in Sonoma County, California, for the purpose of constructing and operating a gambling facility. Neither plaintiffs nor defendants oppose the motion of the Federated Indians of Graton Rancheria ("the Tribe") to intervene in this case. *See* Decl. of Nicholas C. Yost in Supp. of Mot. to Intervene; Pl. Statement of Non-Opposition. [Docket No. 31]

Federal Rule of Civil Procedure 24 is to be broadly interpreted in favor of allowing intervention. *See Forest Conservation Council v. United States Forest Service*, 66 F.3d 1489, 1493 (9th Cir.1995). Rule 24 entitles a party to intervene of right "when the applicant claims an interest relating to the

property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24(a).

Even if a party does not qualify for intervention of right, a court may permit that party's "timely application" for intervention "[w]hen an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). In deciding whether a party should be permitted to intervene, "the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.* Permissive intervention "is committed to the broad discretion of the district court." *Orange County v. Air Cal.*, 799 F.2d 535, 539 (9th Cir.1986). Intervention under Rule 24(b)'s general provision requires an independent basis for federal subject matter jurisdiction. *See EEOC v. Nev. Resort Assoc.*, 792 F.2d 882, 885 (9th Cir.1986).

Here, the Tribe's defense is related to the central issue in this case: whether the Department's action divested the State of California of jurisdiction over the property in question. The Tribe's application is timely as the Court has not yet made any substantive rulings in this case. The parties to this action do not oppose the Tribe's motion and do not argue that they will be prejudiced if the Tribe intervenes. Finally, the Court has supplemental jurisdiction over the Tribe's claim because its is closely related to plaintiffs' claims. *See* 28 U.S.C. § 1367 ("[D]istrict courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."). For these reasons, the Court finds that the Tribe's intervention in this case is appropriate and GRANTS the motion to intervene.

**IT IS SO ORDERED.**

Dated: 12/15/08

SUSAN ILLSTON
United States District Judge

2